UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:

            Case No. 1-25-41478-ess

Frantz Metellus,

            Chapter 13

 Debtor.

-------------------------------------------------------------------x

**MOTION SEEKING: (A) RELIEF FROM THE AUTOMATIC
STAY PURSUANT TO 11 U.S.C. §362(d)(1); AND
(B) IN REM RELIEF PURSUANT TO 11 U.S.C. §362(d)(4)**

  PHH MORTGAGE CORPORATION AS SERVICER FOR U.S. BANK NATIONAL

ASSOCIATION, AS TRUSTEE FOR THE C-BASS MORTGAGE LOAN ASSET-BACKED

CERTIFICATES, SERIES 2007-MX1 ("Secured Creditor"), by and through its undersigned

counsel, moves this Court for relief from the automatic stay as applied to the subject property

pursuant to 11 U.S.C. § 362(d)(1) and prospective in rem relief pursuant to 11 U.S.C. § 362(d)(4),

and states as follows:

  1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, 11

U.S.C. § 362 and FRBP 4001(a) and the various other applicable provisions of title 11 of the

United States Code (the "Bankruptcy Code"), Federal Rules of Bankruptcy Procedure and the laws

of the United States of America. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

  **2. This is not the first time this Court has seen this mortgage loan and the mortgaged**

**property. Previously, and as discussed below, the debtor herein has used two chapter 11**

**cases of 469 DeKalb LLC to attempt to thwart the foreclosure process for the loan and**

**property. Both of those chapter 11 cases failed. So, now the debtor/borrower is using the**

**bankruptcy process AGAIN in his ongoing scheme to forestall foreclosure.**

3.   On March 27, 2025 the debtor herein, Frantz Metellus ("Debtor"), commenced the instant case (the "Present Case") by filing a petition under chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

4.   The Present Case was commenced **ONLY** 14 days after the last 469 DeKalb LLC chapter 11 case (1-24-41876-ess) was dismissed.

5.   The same attorney has represented 469 DeKalb LLC and the Debtor in all three cases.

## THE MORTGAGE LOAN

6.   Frantz Metellus executed and delivered a promissory note in the $487,500.00 on September 5, 2006 for a mortgage loan (the "Mortgage Loan") that was secured by an executed mortgage instrument that secures an interest in certain real property located at as 469 Dekalb Avenue, Brooklyn,  NY 11205 (the "Property"), in Kings County, and legally described as:

> All that certain plot, piece or parcel of land with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:
>
> BEGINNING at a point on the Northerly side of Dekalb Avenue, distant 30 feet Easterly from the Northeasterly corner of Dekalb Avenue and Kent Avenue;
>
> RUNNING THENCE Northerly parallel with Kent Avenue and part of the distance through a party wall 80 feet;
>
> THENCE Easterly parallel with Dekalb Avenue 19 feet 2 inches to the Westerly side of land of Flo McDougal;
>
> THENCE Southerly along the land of Flo McDougal and parallel with Kent Avenue 80 feet to the Northerly side of Dekalb Avenue;
>
> THENCE Westerly along the Northerly side of Dekalb Avenue 19 feet 2 inches to the point or place of BEGINNING.

The documents and instruments evidencing the Mortgage Loan are annexed hereto collectively as Composite Exhibit "A."

7. PHH Mortgage Corporation services the underlying mortgage loan and note for the property referenced in this Motion for U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-MX1 (hereinafter, "noteholder") and is entitled to proceed accordingly. Should the Automatic Stay be lifted and/or set aside by Order of this Court or if this case is dismissed or if the Debtor obtains a discharge and a foreclosure action is commenced or recommenced, said foreclosure action will be conducted in the name of the noteholder. The noteholder has the right to foreclose because Noteholder is the original mortgagee or beneficiary or assignee of the security instrument for the referenced loan. Noteholder directly or through an agent has possession of the promissory note and the promissory note is either made payable to Noteholder or has been duly endorsed.

## CONVEYANCE OF THE PROPERTY

8. Borrower conveyed title to the Property to 469 DeKalb LLC by a Bargain and sale Deed with Covenant Against Grantor's Acts which is dated March 22, 2007 (less than seven months after the Mortgage Loan originated), which deed was recorded on April 13, 2007 with the New York City Register with document designation CRFN 2007000193295 (the "Deed"). A copy of the Deed is annexed hereto as part of Composite Exhibit "A."

9. The Property was conveyed under the Deed without the knowledge and consent of Secured Creditor.

## DEFAULT AND FORECLOSURE

10. The obligations under the Mortgage Loan fell into default. Borrower failed to make the January 1, 2009 payment, and all payments thereafter.

11. Due to the default, Secured Creditor has been attempting to exercise its legal and equitable remedies against the Property. On or about January 28, 2016, a foreclosure action was commenced in New York State Supreme Court for the County of Kings, Index No. 501282/2016 by Secured Creditor against Borrower, 469 DeKalb LLC, other parties and the Property (the "Foreclosure Action").

12. In the Foreclosure Action, the Hon. Noach Dear, JSC, signed a foreclosure judgment on November 21, 2019 (the "Foreclosure Judgment") and it was entered on December 27, 2019 (the "Judgment Date"). A copy of the Foreclosure Judgment is annexed hereto as Exhibit "B."

## HISTORY OF ABUSIVE USE OF CASE FILINGS BY DEBTOR

13. The Present Case is the third bankruptcy case commenced that impacts the Property. The two prior cases were the chapter 11 cases of DeKalb LLC mentioned above, and all three cases have been used AFTER the commencement of the Foreclosure Action and AFTER the Judgment Date. Three foreclosure sales have been cancelled due to these filings, first one was scheduled for August 17, 2023 and was cancelled as a result of the commencement of case no. 1-23-42944-ess, then the sale scheduled for May 2, 2024 that was cancelled by case no. 1-24-41876-ess and then a sale scheduled for March 27, 2025 that was cancelled by the commencement of the Present Case. A copy of the Notices of Sale for each of the three scheduled sales are annexed hereto as part of Exhibit "C."

14. The cases filed by DeKalb LLC are:

    a. Case number 23-42944, Chapter 11 filed on August 17, 2023 and dismissed on February 27, 2024 as the Debtor could not prosecute a feasible reorganization plan. This filing canceled a foreclosure sale that had been scheduled for August 17, 2023.

    b. Case number 1-24-41876-ess, Chapter 11 filed on May 2, 2024 and dismissed on March 13, 2025. This filing canceled a foreclosure sale that had been scheduled

for May 2, 2024.  In this case Secured Creditor filed a stay relief motion that also sought prospective *In Rem* relief to protect against future case filings (the "DeKalb In Rem MFR").

15. In the second DeKalb ch. 11 case, Secured Creditor argued on several occasions for the need for *In Rem* relief as the Debtor, through the use of the two DeKalb chapter 11 cases, demonstrated a propensity to use the bankruptcy process to forestall the inevitable foreclosure sale of the Property while NEVER having the ability to propose a viable, confirmable chapter 11 plan to address the Mortgage loan and the Foreclosure Judgment.  Despite the predictions of Secured Creditor's counsel at hearings on December 13, 2024, January 15, 2025 and March 7, 2025, the Court did not grant the full relief sought in the DeKalb In Rem MFR only granted stay relief for cause under Bankruptcy Code section 362(d)(1).  [See, 24-41876 ECF No. 35].

16. Now, Debtor is using chapter 13 to halt the foreclosure sale process once more.  The Present Case is a deficient filing, lacking all of the required schedules, statements, information and disclosures, and with no chapter 13 plan submitted. [See, Present case ECF No. 4].  And this, despite Debtor having counsel of record, who represented 469 DeKalb LLC in both prior chapter 11 cases.  So, counsel should have known what would be required in the preparation and filing of the Present Case.

## PROPERTY VALUE AND DEBT

17. As evidenced by the online valuation submitted as Exhibit "D" hereto, the value of the Property is $1,250,000.00 as of December 2024 (the "Property Value").

18. The terms of the aforementioned Note and Mortgage have been in post-petition default since December 1, 2008.  The total debt due under the Mortgage Loan as of April 10, 2025 is $1,290,045.34 (the "Total Debt").  A true and accurate copy of Secured Creditor's statement in regards to indebtedness and default is annexed hereto as Exhibit "E."

## **BASIS FOR RELIEF**

19. Secured Creditor submits that it is entitled to relief from the automatic stay in the Present Case under Bankruptcy Code section 362(d)(1) for cause, including the long Mortgage Loan default, the Foreclosure Action, and the entry of the Foreclosure Judgment, the conveyance of the Property by Debtor to 469 DeKalb LLC, the use of the two prior chapter 11 cases that were without merit and without any prospect for a viable reorganization plan, and the scheduled foreclosure sales cancelled due to bankruptcy case filings. All of this while there has been in the past and once again now there is no viable restructuring to address the Mortgage Loan and the Foreclosure Judgment.

20. Relief from the stay under Bankruptcy Code section 362(d)(2) might also be warranted as the Property Value is less than the Total Debt. However, as this is a chapter 13 case and notwithstanding that debtor has not filed a proposed chapter 13 plan, technically, the Property could be argued to be needed for a reorganization should a viable plan be filed.

21. Relief for cause is also appropriate based on the Debtor's lack of good faith in the commencement of the Present Case. The established facts of Debtor's conduct herein by starting this case on the heels of the dismissal of the prior 469 DeKalb LLC chapter 11 case demonstrates that Debtor is using the bankruptcy process not for valid financial restructuring or relief, but solely to hinder and delay the process of the sale of the Property pursuant to the Foreclosure Judgment. Thus, bad faith exists and warrants relief. See, In re Waldron, 785 F.2d 936, 941 (11th Cir. 1986) ("whenever … a petition appears to be tainted by a questionable purpose, it is incumbent upon the bankruptcy courts to examine and question the Debtor's motives"). From the facts present, it can be clearly seen that the bankruptcy process has been used not for legitimate financial restructuring, but rather, to create a running impediment to the enforcement of Secured Creditor's rights.

22. The Bankruptcy Code does not define good faith nor is there an explicit requirement that petitions be filed in good faith; yet, bankruptcy courts have repeatedly lifted the automatic stay and dismissed cases as bad faith filings. The inference that good faith is required in order for debtors to continue to enjoy the exceptional relief afforded by the automatic stay and the other provisions of the Bankruptcy Code upholds the integrity of the bankruptcy courts:

23. Every bankruptcy statute since 1898 has incorporated literally, or by judicial interpretation, a standard of good faith for the commencement, prosecution, and confirmation of bankruptcy proceedings. Such a standard furthers the balancing process between the interest of debtors and creditors which characterizes so many provisions of the bankruptcy laws and is necessary to legitimize the delay and costs imposed upon parties to a bankruptcy. Requirement of good faith prevents abuse of the bankruptcy process by Debtors whose overriding motive is to delay creditors without benefitting them in any way or to achieve reprehensible purposes. Moreover, a good faith standard protects the jurisdictional integrity of the bankruptcy courts by rendering their most powerful equitable weapons (i.e., avoidance of liens, discharge of debts, marshaling and turnover of assets) available only to those Debtors and creditors with "clean hands." In re Little Creek Dev. Co., 779 F.2d 1068, 1071-72 (5th Cir. 1986) (citations omitted). *See*, *also*, In re Waldron, 785 F.2d 936 (11th Cir. 1986).

24. The Eleventh Circuit's analysis in In re Kitchens, 702 F.2d 885 (11th Cir. 1983) was based on a "totality of the circumstances" approach to analyzing good faith, which involves consideration of a number of factors including the conduct of the debtor. The other Circuits have adopted similar analysis and criteria.

25. According to Kitchens, the prior conduct of a debtor can be considered in determining whether the debtor is demonstrating the sincerity and effort required to be a debtor in bankruptcy.

26. Based upon the successive failed chapter 11 cases of DeKalb LLC and the conduct of Debtor in the past regarding transfer of title to the Property, the Present Case filing that is woefully deficient, and with all of the cases commenced after the Foreclosure Judgment was entered, it is abundantly clear and the evidence fully supports a finding that the debtor has been abusively using the bankruptcy process for improper purposes.

## SUMMARY OF BASIS FOR IN REM RELIEF

27. In Rem relief is warranted in the Present Case. The Debtor has used the bankruptcy process over the span of three cases in less than three years for improper purposes, that being only to cancel three separately scheduled sales of the Property pursuant to the foreclosure Judgment. Debtor clearly has used the prior chapter 11 cases and the Present Case during the Foreclosure Action and after entry of the Foreclosure Judgment to stall a sale of the Property. The prior chapter 11 cases were both dismissed for lack of ability to promulgate a viable chapter 11 reorganization plan. The Present Case is without required schedules, statements, disclosures and a plan. Clearly, the Debtor is using the bankruptcy process to hold onto the Property despite there being no realistic possibility of reorganization. This use of multiple case filings to gain the automatic stay protection is a classic scheme to hinder and delay Secured Creditor that warrants In Rem relief pursuant to Bankruptcy Code section 362(d)(4)(B). In Rem relief under section 362(d)(4)(A) is also warranted as the transfer of the Property was done without the consent of Secured Creditor.

28. When seeking In Rem relief, the moving party has the burden of proof. In re Lemma, 394 B.R. 315 (Bankr. E.D.N.Y. 2008). A court can "infer an intent to hinder, delay, and defraud" under section 362(d)(4). In re Procel, 467 B.R. 297, 308 (S.D.N.Y 2012). Serial bankruptcy filings can be evidence of such intent. In re Blair, No. 09-76150, 2009 WL 5203738, at *4-5 (Bankr. E.D.N.Y. Dec. 21, 2009). Here the facts are clear, Debtor has used the bankruptcy process not for

legitimate financial restructuring and relief, but rather to delay and hinder the Secured Creditor in the sale of the Property pursuant to the Foreclosure Judgment.

29. Intent can be inferred from a failure to prosecute the prior filed cases. <u>In re Montalvo</u>, 416 B.R. 381 (Bankr. E.D.N.Y. 2009). This Court has dismissed the prior chapter 11 cases because there was no ability to reorganize to address the Mortgage Loan and the Foreclosure Judgment. The Present Case likewise, has no prospects for a confirmable chapter 13 plan. Secured Creditor respectfully suggests that the actions and conduct of the Debtor in the Present Case, when coupled with the prior case, are indicative of an intention to delay and hinder Secured Creditor.

30. What more is needed for the Court to find that prospective *In Rem* relief is absolutely necessary to stop the Debtor's abusive conduct.

31. Secured Creditor requests that In Rem relief be granted pursuant to Bankruptcy Code 362(d)(4) so that any subsequent bankruptcy filing purporting to affect the Property during the two year period would not cause the automatic stay to be effective against Secured Creditor and the Property. A certified copy of the Order granting In Rem relief will be filed with the County Clerk's Office against the Property as prescribed in Section 362(d)(4).

32. For all of the reasons set forth above, Secured Creditor maintains that: (a) cause exists pursuant to Bankruptcy Code section 362(d)(1) for the automatic stay to be terminated in the Present Case; (b) that In Rem relief under Section 362(d)(4) is justified, and in fact, absolutely necessary to prevent any further improper use of the Bankruptcy Code and Bankruptcy Court by the Debtor and Borrower, or anyone else asserting an interest in the Property with respect to the Property and Secured Creditor's enforcement of its rights and remedies.

## **MISCELANIOUS**

33. Secured Creditor has incurred court costs and attorney's fees in this proceeding in the amount of $1,350.00 for attorney fees and $199.00 for the fee to file the motion, and will incur

additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the Property, all of which additional sums are secured by the lien of the mortgage. Secured Creditor seeks an award of its reasonable attorneys' fees and costs

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order, pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(4) granting relief from the automatic stay in the Present Case and *In Rem* prospective relief from an automatic stay in a future bankruptcy case in regard to the Property for a period of two (2) years from the date of entry of the Order, and for such other and further relief as this Court may deem just and proper.

Dated: Westbury, New York
     April 25, 2025

> Robertson, Anschutz, Schneid,
> Crane & Partners, PLLC
> Attorney for Secured Creditor
> 900 Merchants Concourse, Suite 310
> Westbury, NY 11590
> Telephone: 516-280-7675
> Facsimile: 516-280-7674
>
> By: /s/ *Kevin R. Toole*
> Kevin R. Toole, Esq.
> NYS Bar No. 1968221
> Email: ktoole@raslg.com